IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GARY LEON WEBSTER**  **PLAINTIFF**
ADC #114018

v. NO: 4:21-CV-01229-LPR

**LESLIE RUTLEDGE,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff Gary Leon Webster ("Plaintiff"), incarcerated at the Tucker Unit of the Arkansas Department of Correction, filed a *pro se* complaint on December 22, 2021.[1] Plaintiff did not pay the $402 filing fee or file an application to proceed *in forma pauperis* at the time he filed his complaint.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2] Prior to filing this lawsuit on December 22, 2021, Plaintiff filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.[3] Nevertheless, Plaintiff may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule.[4]

---

[1] Complaint, Doc. 2.

[2] 28 U.S.C. § 1915(g).

[3] *See Webster v. Does*, 3:19-CV-59-DPM (E.D. Ark.); *Webster v. Pigg*, 3:19-CV-60-DPM (E.D. Ark.); and *Webster v. Day Inn Motels, Inc., et al.*, 3:19-CV-78-DPM (E.D. Ark.).

[4] *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)

Plaintiff sued Leslie Rutledge, Dexter Payne, and the Secretary of State.[5] Plaintiff alleges defendants unlawfully seized money from his prison trust account. Based on his allegations, Plaintiff was not in imminent danger at the time he filed his complaint. Accordingly, the imminent danger exception does not apply.[6] This case will be dismissed due to Plaintiff's failure to pay the filing fee. Plaintiff will have thirty (30) days to reopen this case by paying the $402 filing fee in full.

It is therefore ordered that:

1. Plaintiff's complaint is dismissed without prejudice.

2. Plaintiff has thirty (30) days from the date of this order in which to reopen this case by paying the $402 filing fee in full.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 4th day of January, 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

(explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

[5] Complaint, Doc. 2.

[6] *Dilworth*, 147 F.3d at 717.